UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRY M. BABB**, 11184 Algonquin Road, Huntley, IL 60142; **FEDERAL AIR MARSHAL ASSOCIATION, INC.,** 2303 Randall Rd., #320 Carpentersville, IL 60110,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**MICHAEL CHERTOFF**, Secretary of the Department of Homeland Security, Washington, D.C. 20528, in his official capacity; **THOMAS D. QUINN**, Director, Federal Air Marshal Service, in his official capacity, Washington, D.C. 20528<br><br>                    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs sue the defendants and alleges:

**JURISDICTION AND VENUE**

1.      This action seeks declaratory, preliminary and permanent injunctive relief enjoining the defendant and its employees, successors and agents and all persons subject to its direction and control, from depriving the plaintiffs of their constitutional rights as guaranteed by the First Amendment to the United States Constitution.  Plaintiffs also seeks declaratory relief pursuant to title 28 U.S.C. §2201, resulting from an actual controversy between the parties and reasonable attorney fees and costs in connection with this suit.

2.      Jurisdiction is vested in this court pursuant to 28 U.S.C. §§1331, 1343 and 1346.

3.      Venue is proper pursuant to title 28 U.S.C. §1391(b) as all defendants reside within the District of Columbia.

## PARTIES

4. At all times material herein, Plaintiff Terry M. Babb, is a Federal Air Marshal. He has been so employed since June 2, 2002. He is currently assigned to the Chicago Field Office. Mr. Babb has been a career law enforcement professional for nearly thirty years. He served honorably in the United States Army from 1975-1979. He served as a police officer in the Huntsville, Alabama Police Department; a deputy sheriff with the Orange County Sheriffs Department in Orlando, Florida; and the U.S. Marshals Service (USMS).

5. Plaintiff Babb is currently serving as the President of the Federal Air Marshals Association, Inc. (FAMA) He has held this position since 2003. The plaintiff is responsible for providing a public voice for FAMA's members with respect to their: (a) terms and conditions of employment; (b) health, safety and welfare of its members; and finally as a public voice which ensures air travel safety for the public.

6. The Federal Air Marshal Association, Inc. (FAMA) is an organization of active duty Federal Air Marshals and Federal Flight Deck Officers. The goal of FAMA is to advance the professionalism, integrity, and mission effectiveness of both services without regard for political or bureaucratic agendas. Additionally, the Association provides a cogent voice in communicating issues of public concern and matters which pertain to the welfare of FAMA members to industry officials, Members of Congress, and other officials in the Executive Branch of government.

7. The FAMA has standing to pursue this action on behalf of its members because: (I) one or more of its members has standing to sue; (ii) the Association is seeking to protect interests that are sufficiently germane to its organizational purposes to make it an appropriate representative of the group whose rights it is asserting; and (iii) the participation of individual

members is not required to assert this claim or to afford complete relief.

8. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS") and is the agency head for the DHS, including its directorates, sub-agencies and divisions. Defendant has direct authority over and the final responsibility for the Federal Air Marshal Service. He is sued here in his official capacity.

9. Defendant Thomas D. Quinn is the Director of the Federal Air Marshal Service. He has direct authority over all day-today operations of the Federal Air Marshal Service, including the enforcement of policies and regulations of the Department of Homeland Security and the Federal Air Marshal Service. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

10. FAMS Policy Directive ADM 3700 establishes certain rules of conduct for Federal Air Marhals. The rule provides for disciplinary sanctions up to and including removal from the federal service for any federal air marshal that violates the policy.

11. ADM 3700(9) establishes certain parameters and employee obligations concerning official investigations.

12. In this regard, employees are required to answer questions "specifically, directed and narrowly related to (a) The operation of the FAMS; (b) Any activity that may adversely affect the FAMS; or (c) the scope of their employment.

13. As part of the investigative process, a Federal Air Marshal is instructed not discuss the "nature of the interview" with "any other person(s)."

14. ADM 3700(16) prohibits Federal Air Marshals from maintaining associations with or participating in extremist organizations or activities that are inconsistent with their duties and

responsibilities.

15. An extremist organization or activity is described by ADM 3700(16) as one that:

a. Advocates racial, gender or ethnic hatred or intolerance;

b. Advocates, create or engage in illegal discrimination based on race, color, gender, religion, or national origin; or

c. Advocates the use of force or violence or unlawful means to deprive individuals of their rights under the United States Constitution or the laws of the United States, or of any state.

16. ADM 3700(17) portends a Federal Air Marshal against criticizing or ridiculing the Federal Air Marshal Service policy or other employee by speech, writing or expression which "impairs the operation of efficiency of the Federal Air Marshal Service."

17. The regulation prohibits a Federal Air Marshal from creating or participating in unofficial Internet websites concerning the Federal Air Marshal Service, the Transportation Security Administration or the U.S. Department of Transportation.

18. The regulation proscribes the release or divulgence of *any* information related to the Federal Air Marshal Service, the Transportation Security Administration or the U.S. Department of Transportation.

19. The regulation further bans employees from speaking at public gatherings, appearing on radio or television, publishing, releasing investigative information *or any other matter pertaining* to the Federal Air Marshal Service, the Transportation Security Administration or the U.S. Department of Transportation.

20. During the past several years, the defendants have revealed federal air marshal operational information to the public through various news and media organizations. The

defendants have also allowed individual federal air marshals to disclose similar information to the public.

21. Detailed news stories about federal air marshal operations have appeared on such television networks such as FOX News, CNN, ABC, CBS, NBC and MSNBC.

22. Stories concerning federal air marshal operations have also appeared in print media such as Time Magazine, People Magazine, the Washington Post and the Washington Times.

23. Stories have appeared concerning federal air marshal operations on Internet websites such as CNN, MSNBC, and Michelle Malkin.

24. Media stories highly critical of the Federal Air Marshal Service have also appeared in the news media during the past several years. Stories concerning Federal Air Marshal's dress code, Personal Digital Assistant (PDA) expenditures and use, hotel stay policy, off-duty attendance at Senate confirmation hearings, and alleged violations of government travel regulations have been written with increasing frequency by the media.

25. Incensed by the negative media stories and perceived leaks of federal air marshal information to the press by employees, the defendants undertook an internal investigation of various air marshals in an attempt to smother and prevent the disclosure by federal air marshals of agency mismanagement, fraud, waste and abuse.

26. The defendants further decided to investigate the Federal Air Marshal Association in an attempt to: (a) identify its membership and executive board; (b) identify how FAMA obtains its funds to operate; and (c) learn what information FAMA, its officers or members have disclosed publically. The ultimate goal of the defendants was to chill the protected speech and associational rights of the plaintiffs and its members.

## COUNT I.

### Deprivation of First Amendment Rights (Overbreadth)

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as through fully set forth herein.

28. This is an action for declaratory and injunctive relief against the defendants for violation of the plaintiff's rights under the First Amendment to the United States Constitution, under color of federal law.

29. ADM 3700(17) is so broadly written that it is a content-based restriction on speech and inhibits the First Amendment rights of the plaintiffs and other members of the Federal Air Marshal Association by threatening them with disciplinary action up to and including removal for an alleged violation of the policy now and in the future.

30. ADM 3700(17) is so broadly written that its very existence has the potential to chill lawful, legitimate expressive activity protected by the First Amendment by the plaintiffs and other members of the Federal Air Marshal Association now and in the future.

31. ADM 3700(17) realistically and substantially goes beyond any reasonable or legitimate area of governmental regulation and has not been narrowly tailored to serve a compelling governmental interest.

32. Moreover, ADM 3700(17) is not susceptible of any construction that would eliminate any constitutional infirmity.

33. But for this unconstitutional regulation, Plaintiff Babb and the Federal Air Marshal Association, its members and board of directors would engage in speech activities protected by the First Amendment as citizen comments on matters of public concern now and in the future.

34. But for this unconstitutional regulation, Plaintiff Babb and the members of FAMA are prevented now and in the future from lawfully:

(a) engaging in discussions about the FAM Service, the Transportation Security Administration or the Department of Transportation and their policies;

(b) criticizing the Federal Air Marshal Service the Transportation Security Administration or the Department of Transportation by speech, writing or expression;

(c) creating or participating in unofficial Internet websites concerning the Federal Air Marshal Service, the Transportation Security Administration or the Department of Transportation;

(d) divulging *any* information related to the Federal Air Marshal Service, the Transportation Security Administration or the Department of Transportation; and

(e) speaking at public gatherings, appearing on radio or television, publishing, releasing investigative information *or any other matter pertaining* to the Federal Air Marshal Service, the Transportation Security Administration or the Department of Transportation.

35. ADM 3700(17) places Plaintiff Babb and members of the Federal Air Marshal Association, its board of directors and officers in a position of present and future harm of disciplinary action up to and including removal should plaintiffs violate the policy.

36. The enforcement of this unlawful regulation at issue deprives the plaintiffs both now and in the future of the rights, privileges or immunities secured by United States Constitution or the laws of the United States.

37. Plaintiff Babb as well as all other members of the Federal Air Marshal Association will now or in the foreseeable future be prosecuted for alleged violation of the above-cited regulation by the defendants even though: (a) their actions and speech are protected by the First Amendments to the United States Constitution.

**WHEREFORE**, the plaintiffs demand judgment against the defendants and seek a declaration of their rights and obligations.  Plaintiffs further request that this court enjoin the defendants from present and future enforcement of ADM 3700(17); award attorney fees and costs associated with this action and grant any other relief the Court deems necessary and proper.

## COUNT II.

**Deprivation of Rights under the First Amendment - (Freedom of Association**)

38. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-37 as though incorporated herein.

39. This is an action for declaratory and injunctive relief against the defendants for violation of the plaintiffs' rights under the First Amendment to the United States Constitution.

40. The Federal Air Marshal Association, Inc.(*FAMA*) is a voluntary lawful organization organized for a lawful purpose.  Membership in the association consists of federal air marshals and federal flight deck officers.  It is not an extremist organization as defined in ADM 3700(16).  In furtherance of its lawful objectives, *FAMA* and the plaintiff associate with various individuals, media representatives, members of Congress and the Executive Branch of government for the purpose in engaging in those activities protected by the First Amendment.

41. On November 17, 2004, members of the defendants' Office of Professional Responsibility compelled a statement from plaintiff Babb.  As noted previously, plaintiff Babb is the president of *FAMA*.

42. During that time, defendants' advised plaintiff Babb that his failure to answer their questions could subject him to disciplinary and/or criminal action for interfering with or impeding an official investigation.

43. Among other things, the defendants coerced Babb under threat of disciplinary and/or criminal action to answer questions about:

    a.    the organizational structure or *FAMA*;

    b.    the identity of *FAMA's* Board of Directors;

    c.    the identity of current and past officers of *FAMA*;

    d.    the legal status of *FAMA*;

    e.    whether *FAMA* was incorporate and the identity of the incorporator;

    f.    whether Babb sought permission from the defendants to organize *FAMA* and collect dues;

    g.    the memberships types of *FAMA* and their respective costs;

    h.    the dues structure of *FAMA*;

    I.    the number of members of *FAMA*; and

    j.    whether *FAMA* or its officials made public statements about the FAM service.

44. Plaintiff Babb and other federal air marshals members of *FAMA* have a constitutional right to associate with each other in the lawful pursuit of a wide variety of social, economic, educational and cultural ends.

45. ADM 3700(17) is clearly aimed at the suppression of plaintiffs' protected speech and associations and the suppression of the wide variety of social, economic, educational and cultural ends of the plaintiff and *FAMA* in contravention of the First Amendment.

46  The defendant's actions at coercing and compelling the disclosure of the information set forth in paragraph 43(a)-(j) has seriously infringed on the privacy of *FAMA* and beliefs guaranteed by the First Amendment.

47. The unlawful compulsion of disclosure of the information set forth in paragraph 43(a)-(j), under threat of administrative and criminal action by the defendants, and the coerced disclosure of information about *FAMA* from plaintiff Babb has had a chilling effect consisting of a present and future deterrence:

   a. to members of *FAMA* in the active participation in the association;

   b. to *FAMA* in its efforts to attract new membership;

   c. to the *FAMA* Board of Directors and officers from performing their association duties and pursuing the lawful legitimate goals of the organization; and

   d. to *FAMA* in conducting its annual election of the Board of Directors.

48. The practice of the defendants in compelling disclosure of information about *FAMA* under threat of administrative or criminal action will continue now and into the future in violation of the plaintiffs rights accorded them under the First Amendment to the United States Constitution.

49. Plaintiff Babb as well as all other members of the Federal Air Marshal Association will now or in the foreseeable future be prosecuted for alleged violation of the above-cited policy by the defendants even though: (a) their actions and speech are protected by the First Amendments to the United States Constitution.

50. But for the actions of the defendants, the plaintiffs would encourage participation of federal air marshals in *FAMA;* seek new members; conduct the day-to-day business of the association and move forward with the annual election of its officers.

**WHEREFORE**, the plaintiffs demand judgment against the defendants and seek a declaration of their rights and obligations. Plaintiffs further request that this court enjoin the

defendants from present and future practice of compelling disclosure of *FAMA* information; award attorney fees and costs associated with this action and grant any other relief the Court deems necessary and proper.

## COUNT III.

### Deprivation of Rights under the First Amendment - (Forbidden Speech)

51. Plaintiffs repeat and reallege the allegations et forth in paragraphs 1-50 as though set forth herein.

51. This is an action for declaratory and injunctive relief against the defendants for violation of the plaintiffs' rights under the First Amendment to the United States Constitution.

52. It is the standing policy and practice of the defendant to threaten federal air marshals interviewed during an investigation by the defendants' Office of Professional Responsibility (OPR) with administrative and criminal sanctions if they discuss the *nature* of the interview with any other persons.

53. On November 17, 2004, the defendants threatened plaintiff Babb with disciplinary and/or criminal action if he discussed the nature of the OPR investigation concerning *FAMA*.

54. The defendants have a continuing and on-going practice of threatening members of *FAMA* with administrative and/or criminal action for discussing the nature of an OPR investigation with *anyone*.

55. But for the threat of present and/or future disciplinary and/or criminal action, Plaintiff Babb would have discussed the information solicited about *FAMA* and other topics discussed with other members of the *FAMA's* Board of Directors and other individuals not associated with the defendants' investigation now and in the future.

11

56. Threats by the defendants of present or future administrative and/or criminal action resulting from the discussion of the nature of the OPR interview is a content-based restriction on speech which violates the plaintiffs' rights under the First Amendment.

57. There is no compelling governmental interest in restricting plaintiffs' ability to speak about the nature of any interview conducted by OPR now or in the future.

**WHEREFORE**, the plaintiffs demand judgment against the defendants and seek a declaration of their rights and obligations. Plaintiffs request that this court enjoin the defendants from present and future enforcement of the defendants' continuing practice of threatening disciplinary and/or criminal sanctions against employees who discuss the nature of an OPR investigation with others; award attorney fees and costs associated with this action and grant any other relief the Court deems necessary and proper.

Respectfully submitted,

*/s/ Stephen G. DeNigris, Esq.*
Stephen G. DeNigris, Esq.
D.C. Bar No. 440697
Attorney for the Plaintiffs
2100 M Street N.W. Suite 170-283
Washington, D.C.  20037

(703)416-1036     (Voice)
(703)416-1037     (Fax)

June 1, 2005.