UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRY M. BABB and FEDERAL AIR MARSHAL ASSOCIATION, INC., Plaintiffs, | ) | |
| v. | ) | 05-cv-1088 (RCL) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, and THOMAS D. QUINN, Director, Federal Air Marshal Service, Defendants. | ) | |

DECLARATION OF ILIR M. TSUNGU

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DECLARATION OF ILIR M. TSUNGU

I, Ilir M. Tsungu, hereby declare and state as follows:

1. I am the Director of Employee and Labor Relations for U.S. Immigration and Customs Enforcement, a component of the Department of Homeland Security (DHS). I have held this position permanently since February 2004.

2. As supervisor of the ICE Employee and Labor Relations Department, I am responsible for implementing federal personnel regulations and the instructions of the Assistant Secretary that concern ICE personnel management. The information set forth in this declaration reflects my personal knowledge and information provided to me in my official capacity.

3. Attachment 1 is a true and correct copy of the ICE Interim Table of Penalties and Offenses for Non-Bargaining Unit Employees (TOP), which was issued and became effective on April 18, 2005, as noted in the cover memorandum issued by the Assistant Secretary, Michael J. Garcia. This memorandum was provided via a broadcast message to ICE employees informing them of the new TOP and providing an Intranet link to the entire document. At this time and until October 1, 2005, the Federal Air Marshal Service ("FAMS") was a tenant agency of ICE, although FAMS employees were not connected to the ICE electronic mail network.

4. Attachment 2 is a true and correct copy of a directive issued by Thomas D. Quinn, the director of FAMS, for distribution to FAMS employees on July 26, 2005, pursuant to the instructions of Assistant Secretary Garcia.

I declare under penalty of perjury that the matters set forth in this Declaration are within my official purview and are correct and true to the best of my information, knowledge and belief.

Executed this 6th day of October 2005, in the City of Washington, District of Columbia.

Ilir M. Tsungu
Director of Employee and Labor Relations
U.S. Immigration & Customs Enforcement

# Attachment 1

*Office of the Assistant Secretary*
**U.S. Department of Homeland Security**
**425 I St. NW**
**Washington, D.C. 20536**




April 18, 2005

MEMORANDUM FOR ICE EMPLOYEES

FROM: Michael J. Garcia
Assistant Secretary

SUBJECT: Interim Table of Offenses and Penalties for Non-Bargaining Unit Employees

As employees of a law enforcement agency whose mission is critical to the security of the nation, we are all responsible for maintaining the highest standards of ethical and professional conduct, both on and off the job. Integrity is the most important component of our daily conduct. In order to uphold this integrity, we must have accountability.

In the near future, DHS will be consulting with the applicable unions regarding a Table of Offenses and Penalties for all DHS employees, including bargaining unit employees. Until that task is completed, the attached "Interim Table of Offenses and Penalties for Non-Bargaining Unit Employees" is intended to provide guidance to employees regarding unacceptable behavior, and the consequences for that behavior. All employees should familiarize themselves with this guide. This guide is intended to bring fairness and consistency of application of those standards to non-bargaining unit employees in all programs.

As representatives of Homeland Security, we have a special responsibility to serve as examples to the public and to one another in every aspect of our daily conduct. It is essential for all employees, including the vast majority who exercise their responsibilities every day with the highest levels of integrity and professionalism, to be knowledgeable about the conduct expected of them and how the agency's new discipline and adverse action process serves our interest as a law enforcement agency.

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| **A** | **Attendance and Leave** | | | | |
| 1 | Unexcused tardiness | These are brief periods of unauthorized absence for which AWOL is not charged against pay, for example, taking excessively long breaks (coffee, cigarette or lunch break, for example), overdue return after absence from worksite for official business, early departure at the end of the workday or leaving worksite during the workday without authorization | Written reprimand | 1-day suspension to 5-day suspension | 6-day suspension to removal |
| 2 | Absence without leave (AWOL) for one workday or less | Number of hours in a workday may vary due to Alternative Work Schedules | Written reprimand to 3-day suspension | 4-day suspension to 14-day suspension | 15-day suspension to removal |
| 3 | Absence without leave (AWOL) greater than 1 workday and less than 5 workdays | Days or hours may, or may not be, consecutive | Written reprimand to 5-day suspension | 6-day suspension to removal | Removal |
| 4 | Absence without leave (AWOL) of more than 5 workdays | Days or hours may, or may not be, consecutive | 14-day suspension to removal | Removal | |
| 5 | Any unauthorized absence resulting in any impairment of mission accomplishment | | 1-day to 5-day suspension | 6-day suspension to removal | Removal |
| 6 | Failure to follow established leave procedures | including when on leave restriction | Written reprimand to 5-day suspension | 6-day suspension to 14-day suspension | 15-day suspension to removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | | | | |
| 7 | Improper use of sick leave or other leave programs | i.e., calling in "sick" when you are in fact not "sick." | Written reprimand to 5-day suspension | 6-day suspension to removal | Removal |
| 8 | Excessive unscheduled absences | "Excessive" is defined as the average number of unscheduled absences equal to 1 per pay period in a calendar quarter or other period of time determined by management | Written reprimand to 5-day suspension | 6-day suspension to 14-day suspension | 15-day suspension to removal |
| 9 | Failing to report to, unexcused delay in reporting for, or unauthorized absence during, an overtime assignment | Includes both involuntary and voluntary overtime assignments | Written reprimand to 3-day suspension | 4-day suspension to removal | 15-day suspension to removal |
| **B** | **Discriminatory Behavior** | | | | |
| 1 | Using offensive, demeaning, or degrading remarks, comments, observations, statements, or actions based on another's race, color, religion, national origin, sex, age, disability, sexual orientation, parental status ("protected group"); includes creating a hostile work environment based on protected group membership | On or off-duty Determination in an EO/EEO forum need not be a determining factor to take action | Written reprimand to 3-day suspension | 4-day suspension to removal | Removal |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| **B** | **Discriminatory Behavior - continued** | | | | |
| 2 | (a) Acting or failing to act on an official matter in a manner which improperly takes into consideration an individual's protected group; (b) taking reprisal or retaliatory action against an individual involved in the EEO complaint process; (c) failing to take appropriate action to prevent or curtail prohibited discrimination or harassment of a subordinate when the supervisory employee knew or should have known the conduct was discriminatory | On or off-duty; e.g., in employment, appraisal, advancement or treatment of employees (present and former) and applicants. Determination in an EO/EEO forum need not be a determining factor to take action. | 5-day suspension to removal | Removal | |
| 3 | Inappropriate and/or unwelcome verbal or physical behavior of a sexual nature; | On or off-duty. Examples include, touching, teasing, gestures, phone calls, notes, emails, jokes, display of visual material, pressure for dates, requests for sexual favors (in extremely egregious cases removal may be warranted on the first offense) | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 4 | Taking, threatening to take or inferring that official action will be taken as a result of, rejection or submission to, a request for sexual favors | On or off-duty; includes behavior or actions directed to employees and non-employees (such as customers, contractors, vendors, passengers, or members of a regulated industry), both favorable or unfavorable, based on granting or withholding a | 30-day suspension to removal | Removal | |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | sexual favor | | | |
| **C** | **Disruptive Behavior** | | | | |
| 1 | Using abusive, slanderous, libelous, malicious, or similarly inappropriate language, gestures, or conduct to or about other employees or members of the public | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 2 | Using rude, impolite, discourteous, disrespectful, unprofessional, foul, derogatory or similarly inappropriate language, gestures, or conduct to or about other employees or members of the public | | Written reprimand to 5-day suspension | 6-day suspension to 14-day suspension | 15-day suspension to removal |
| 3 | Fighting, threatening, intimidating, attempting to inflict or inflicting bodily harm to another; harassing or provoking quarrel; engaging in dangerous horseplay; any violent, reckless or disorderly act, language, gestures, or conduct toward other employees or members of the public | | 5-day suspension to removal | 30-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| **D** | **Drugs and Alcohol** | NOTE: Refer to applicable directive(s) for information (1) about any requirement to provide the employee an opportunity to enter a rehabilitation program or other reasonable accommodation or (2) about the DHS or OE Drug-Free Workplace Program | | | |
| 1 | Unauthorized possession, transfer, storage or consumption of alcoholic beverages while on duty or on government-owned or leased property (including vehicles); drinking alcohol when carrying a weapon on or off-duty; | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| **D** | **Drugs and Alcohol - continued** | | | | |
| 2 | Refusing or failing to submit to, or interfering with, a properly ordered or authorized drug or sobriety test | Includes substituting, adulterating, or otherwise tampering with a test sample | 14-day suspension to removal | Removal | |
| 3 | Reporting for or being on duty under the influence of alcohol or other impairing legal substance to a degree that would interfere with proper performance of duty, be a risk to safety, or be prejudicial to the maintenance of discipline | In addition to any disciplinary action, the employee must be immediately removed from duties that put safety or security at risk. Re: Employee should not be allowed to drive. If armed, employee must relinquish weapon. Transportation should be arranged for employee. | Reprimand to removal | 5-day suspension to removal | 14 day-suspension to removal |
| 4 | Consuming alcoholic beverages within a designated abstinence period prior to reporting for duty; reporting for or being on duty with a blood alcohol level exceeding established limits | In addition to any disciplinary action, the employee must be immediately removed from duties that put safety or security at risk | 14-day suspension to removal | Removal | |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | | | | |
| 5 | Operating a Government owned or leased equipment or vehicle, on or off duty, or a privately owned vehicle, on duty, while under the influence of alcohol, drugs or other intoxicant. | Includes automobiles, trucks, seagoing vessels, aircraft, or other equipment 31 USC 1349; Under the influence is defined as the legal limit in the state in which it takes place | 30-day suspension to removal | Removal | |
| 6 | Possession, use, sale, or distribution of illegal drugs; unauthorized possession use; sale or distribution of controlled substances | On or off-duty; 21 USC 844 | 60-day suspension to Removal | | |
| **E** | **Failure/Refusal to Follow Orders** | | | | |
| 1 | Insolence, flagrant and/or contemptuous disrespect towards a supervisor[1] or other management official | Written, verbal, or gesture | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 2 | Failure to promptly and fully comply with directions, instructions or assignments of a supervisor or other management official; failure to follow a regulation, policy, procedure, practice, protocol, or rule | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |

[1] All references to "supervisor" include acting supervisors and team leaders

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | | | | |
| 3 | Willful or intentional delay or refusal to comply with an order, direction, instruction, or assignment of a supervisor or other management official; willful or intentional delay or refusal to follow regulation, policy, procedure or rule | Includes insubordination and failure to report for required training or for duty as detailed, transferred, or reassigned | 5-day suspension to removal | 14-day suspension to removal | 30-day suspension to removal |
| 4 | Willful or intentional failure to carry, display or present required government identification, badge or credentials on duty or on government controlled premises | | Written reprimand to 5-day suspension | 6-day suspension to14-day suspension | 15-day suspension to removal |
| **F** | **Falsification/Dishonesty/ Misstatement** | | | | |
| 1 | Making misstatements or misrepresentations; failing to provide honest and complete information to investigators or displaying lack of candor in any official inquiry or proceeding, including background investigations,; failure to provide material fact or pertinent information | Includes (but not limited to) statements or documents related to travel, employment, promotion, leave forms, attendance logs or records, workers' compensation claims, EEO investigations, OPR, administrative and judicial hearings, transactions with the public, or any other official record. Investigations, inquiries, or proceedings applies to internal (DHS or OE) | Written reprimand to removal | 14-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
## For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | and external (any other state or federal agency, police, investigator, court, etc.). Law Enforcement Officers may be removed for a first offense based upon Giglio/Henthorn considerations. | | | |
| 2 | Material and intentional falsification, exaggeration or concealment; omission of fact to mislead; forgery | 18 USC 1001; includes perjury, providing false testimony, and knowingly making a false statement or accusation. For employees in positions with potential to testify in court, this violation often jeopardizes their ability to serve as federal witnesses | Removal | | |
| 3 | Unauthorized recording or monitoring of telephone calls, conversations, meetings, electronic communications, etc. | Includes all forms of electronic surveillance | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 4 | Concealing or covering up an act that violates law, regulation, or DHS or OE policy | | Written reprimand to removal | 14-day suspension to removal | Removal |
| 5 | Failure to complete background investigation forms in the proscribed time frame | | Written reprimand – 5 days | 6 day suspension to 14 | 15 day suspension to removal |
| | **Inquiries and Investigations** | | | | |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| G | | | | | |
| 1 | Failing or refusing to give oral or written statements or testimony or cooperate otherwise in connection with any official inquiry (including internal inquiry), investigation (including EEO) or proceeding; interfering with an official inquiry, investigation or administrative or adjudicatory proceeding | 18 USC 1621-1622; includes attempting to influence others involved in an inquiry, releasing information regarding an official inquiry or proceeding when one knows or should know not to do so, failing to timely complete background re-investigation forms | Written reprimand to removal | 14-day suspension to removal | Removal |
| **H** | **Integrity and Ethics** | | | | |
| 1 | Accepting or soliciting a bribe; agreeing to accept or solicit a bribe | 18 USC 201; A bribe may include any thing of value, loans, or personal gain to the employee or the employee's family or others | Removal | | |
| 2 | Failing to promptly report an offer of a bribe or attempted bribe to OPR | Regardless of personal involvement | 14-day suspension to removal | Removal | |
| **H** | **Integrity and Ethics - continued** | | | | |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

**Interim ICE Table of Offenses and Penalties**
**For non-bargaining unit employees**

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 3 | Use of position or authority for other than official purposes | On or off-duty; includes reprisal against an employee for whistleblowing and/or providing information or testimony, or otherwise participating in an official investigation or inquiry; directing subordinates to perform work not related to official duties; attempting to use one's position to avoid a legal citation or arrest | 5-day suspension to removal | 14-day suspension to removal | Removal |
| 4 | Using government identification including badges and/or credentials, for other than official purposes | 18 USC 701; for example, to attempt to coerce, intimidate, or deceive, or for private gain or advantage | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 5 | Use of public office for private gain | 5 CFR 2635.702 (Subpart G) | 14-day suspension to removal | 15-day suspension to removal | Removal |
| 6 | Using government property, property under government custody, or the property of others, for other than official purposes | Includes querying confidential or sensitive databases for other than official purposes | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 7 | Using government-sponsored travel card for other than official travel | Using any government-sponsored credit card for other than official and authorized purposes | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| **H** | **Integrity and Ethics - continued** | | | | |
| 7 | Directly or indirectly soliciting a gift or accepting a gift, from a prohibited source. | 5 CFR 2635 (Subpart B); prohibited source includes any person who does, or seeks to do, business with the OE | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 8 | Knowingly and inappropriately associating with sources of information, illegal aliens, or persons connected with criminal activities | On or off-duty; includes social, romantic, sexual, financial (including acceptance of gifts), or business relationship | 14-day suspension to removal | 15-day suspension to removal | Removal |
| 9 | Knowingly and inappropriately assisting or participating in activities that jeopardize DHS or OE mission | | 14-day suspension to removal | 30-day suspension to removal | Removal |
| 10 | Conflict of interest with the mission of the OE | 5 CFR 2635 (Subparts D and E), 18 USC 205; for example, serving as an officer with or without pay in an organization whose interests conflict with the OE's mission, certain financial interests | Written reprimand to Removal | 30-day suspension to removal | Removal |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 11 | Giving the appearance of a conflict of interest; violating law; or violating the ethical standards of conduct | 5 CFR 2635, 5 CFR 3101 | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| **H** | **Integrity and Ethics - continued** | | | | |
| 12 | Direct or indirect bidding, or purchase at auction or sale, of Government property under direction or incident to the function of the OE | | Written reprimand to 14-day suspension | 15-day suspension to removal | 30-day suspension to removal |
| 13 | Borrowing substantial sum(s) of money from a subordinate employee, securing a subordinate's endorsement on a loan, or otherwise having a subordinate assume the financial responsibility of a superior | 5 CFR 2635.702(a); does not prohibit loans of a small amount, for example, to pay for lunch or cab fare, for a brief period when there is no actual or implied coercion | Written reprimand to removal | 15-day suspension to removal | Removal |
| 14 | Direct or indirect solicitation, or acceptance, of a gift from a subordinate | 5 USC 7351, 5 CFR 2635 (Subpart C) | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 15 | Soliciting for, or giving, a gift or donation, to an official superior | in violation of 5 CFR 2635.302 | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 16 | Failure to report the employment of family members who hold positions that DHS or OE employees themselves are prohibited from holding in outside employment | 5 CFR 2635.502; family members are: spouse, child, or other relative, by marriage or blood, who is dependent upon the employee and/or resides in the employee's household | Written reprimand to 3-day suspension | 5-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 17 | Failure to obtain required approval before engaging in outside employment | | Written reprimand to 3-day suspension | 5-day suspension to removal | 14-day suspension to removal |
| **H** | **Integrity and Ethics - continued** | | | | |
| 18 | Seeking employment with persons or businesses affected by the performance or non-performance of the employee's official duties | 5 CFR 2635 (Subpart F) | Written reprimand to removal | 14-day suspension to removal | Removal |
| 19 | Engaging in outside employment without authorization from the supervisor and counsel | 5 CFR 2635 (Subpart H) | 14-day suspension to removal | Removal | |
| 20 | Entering into an unauthorized procurement commitment or personal services contract | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 21 | Disclosure of proprietary or source selection information regarding a procurement action | | Written reprimand to 14-day suspension | 5-day suspension to removal | Removal |
| 22 | Unauthorized canvassing, soliciting or peddling at DHS or OE worksite or while on duty | Includes canvassing or fundraising for charitable causes or organizations. Currently, the Combined Federal Campaign is the only | Written reprimand to 1-day suspension | 2-day suspension to 14 day suspension | Removal |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | authorized charity, unless otherwise notified. | | | |
| 23 | Failure to honor just debts or legal obligations in a timely manner | 5 CFR 2635; includes untimely payment of government-sponsored travel card bills (unless employee is awaiting pending reimbursement) | Written reprimand to 14-day suspension | 15-day reprimand to removal | Removal |
| **H** | **Integrity and Ethics - continued** | | | | |
| 24 | Gambling or betting on duty, on government controlled premises or while using government controlled property | Includes gambling on the Internet; does not include such things as purchasing legal lottery tickets sold at snack bars on government controlled property or purchasing raffle tickets sold by officially recognized organizations, e.g., CFC or employee recreation association | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 25 | Engaging in political activity that violates the Hatch Act | 5 USC 7323 & 7324<br><br>NOTE: Alleged Hatch Act violations are referred to the Office of Special Counsel for investigation and if warranted prosecution before the MSPB; if a violation is found the MSPB | 30-day suspension to removal (See NOTE at left) | | |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | will order removal or, by unanimous decision, may order a suspension of not less than 30 days | | | |
| **H** | **Integrity and Ethics - continued** | | | | |
| 26 | Criminal, infamous, immoral or notoriously disgraceful conduct and/or conduct that results in a felony or misdemeanor conviction, guilty or no contest plea, or equivalent or similar legal result or action (the misconduct shall not be deemed "mitigated" by a plea arrangement, suspended sentence, parole in lieu of confinement, sentence limited to time served, probation or other modification of penalty attached to the conviction or associated with the crime) | 5 CFR 735.203; may be on or off-duty; includes misconduct that may be related to the mission of DHS or the OE, may include misconduct that receives adverse news media attention or concern by other governmental entities<br><br>Criminal misconduct under this provision may include behaviors addressed elsewhere in this Table, such as improper acceptance of money or gifts; if the conduct is addressed through criminal processes, this offense and range of penalty rather than the other provision | 30-day suspension to removal<br><br>NOTE: Conduct that results in a felony or misdemeanor indictment or warrant for arrest pending further court proceedings will usually result in an indefinite suspension until the matter is resolved | Removal | |
| 27 | Interfering with employees' rights, or taking reprisal against employees for exercising their rights, to file or participate in a grievance or appeal, or for their affiliation or non-affiliation in labor unions | On or off-duty | Written reprimand to 14-day suspension | 15day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
## For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | | | | |
| 28 | Ethics violation (5 CFR 2635) not elsewhere covered in this Table | | Written reprimand to removal | 5-day suspension to removal | 14-day suspension to removal |
| **H** | **Integrity and Ethics - continued** | | | | |
| 29 | Committing a prohibited personnel practice (5 USC 2302) not elsewhere covered in this Table | | Written reprimand to removal | 5-day suspension to removal | 14-day suspension to removal |
| 30 | Improper or illegal disclosure, or unauthorized access of government maintained information (includes Privacy Act, sensitive, classified, law enforcement, etc.) | | Written reprimand to removal | 5-day suspension to removal | 14-day suspension to removal |
| **I** | **Neglect of Duty** | | | | |
| 1 | Delay in carrying out orders, work assignments, instructions of superiors, policies, or procedures | See also TOP E2 | Written reprimand to 3-day suspension | 5-day suspension to removal | 14-day suspension to removal |
| 2 | Failure to follow applicable laws, rules, regulations, or policies in the performance of duties | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 3 | Interference with other employees in the performance of official duties | | Written reprimand to 3-day suspension | 5-day suspension to removal | 14-day suspension to removal |
| 4 | Engaging in or encouraging a strike, work stoppage/slowdown, or sick out | | Removal | | |
| 5 | Sleeping on the job or inattention to duty where there is no potential danger to life or property or potential loss of revenue | | Written reprimand to 3-day suspension | 5-day suspension to removal | 14-day suspension to removal |
| **I** | **Neglect of Duty - continued** | | | | |
| 6 | Sleeping on the job or inattention to duty, where human life, property, or revenue, is jeopardized or damage/injury/loss actually occur | | 14-day suspension to removal | Removal | |
| 8 | Failure to comply with policy or delegated authority in administering disciplinary action | May involve taking improper disciplinary action to preclude appropriate action | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 9 | Negligent or careless performance of assigned duties where an inspection or investigation or other enforcement function is substantially and negatively impacted | In circumstances where life or safety were in jeopardy removal may be warranted on the first offense. | 5-day suspension to 14-day suspension | 15-day suspension to removal | Removal |
| 10 | Failure to observe established policies or procedures in the apprehension or detention of suspects, violators, or illegal aliens | Transportation of prisoners and leaving post while on guard or protective duty | 5-day suspension to 14-day suspension | 15-day suspension removal | Removal |

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | | | | | |
| 11 | Failure to follow applicable personal search and/or detention policies and/or procedures | Includes failing to obtain proper authorization to conduct search; improperly authorizing a personal search; making improper comments during the search, etc. | 5-day suspension to removal | 14-day suspension to removal | Removal |
| **I** | **Neglect of Duty - continued** | | | | |
| 12 | Intentional or reckless disregard of rules governing arrests, searches, or seizures | Rule 41-Federal Rules of Criminal Procedure | 30-day suspension to removal | Removal | |
| **J** | **Personal Appearance and Hygiene/Uniform Requirements** | | | | |
| 1 | Failure to maintain a neat, clean and businesslike appearance or to comply with uniform or dress standards while on duty | | Written reprimand to 3-day suspension | 5-day suspension to 14-day suspension | 15-day suspension to removal |
| 2 | Failure to maintain proper hygiene to the extent that it is either a health and safety consideration or disruptive in the workplace | | Written reprimand to 3-day suspension | 5-day suspension to 14-day suspension | 15-day suspension to removal |
| **K** | **Property Misuse/Loss/Damage** | | | | |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 1 | When willfulness or intent is not a factor, improper or negligent operation of government owned or leased property | Includes automobiles, seagoing vessels, aircraft and other equipment | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 2 | Losing or damaging government property, equipment, records, etc.; concealing, removing, mutilating, altering, or destroying government records, prior to expiration of retention guidelines | 18 USC 2071; penalty depends on value of property, extent of damage, and degree of fault | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| **K** | **Property Misuse/Damage - continued** | | | | |
| 3 | Unauthorized use of law enforcement equipment, resources, and application of techniques | Includes the use of electronic sensing devices; this charge carries a higher penalty than misuse of other government property as it could potentially jeopardize a law enforcement operation . | 14-day suspension to removal | 30-day suspension to removal | Removal |
| 4 | Willful misuse of (or authorizing the use of) any government-owned or -leased passenger vehicle (including aircraft and seagoing vessel); authorizing the use of government vehicle for other than official purposes | 31 USC 1349(b) | 30-day suspension to removal | 60-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 5 | Unauthorized personal use of government computers, software systems, fax machines, telephones, copiers, etc. | Unauthorized includes use that interferes with one's work or the work of others, excessive personal use of such equipment or systems, accessing or transmitting sexually explicit material | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| **L** | **Reporting Responsibilities** | | | | |
| 1 | Failure to immediately report one's own arrest to superiors and Office of Professional Responsibility | | Written reprimand to 4-day suspension | 5-day suspension to removal | 14-day suspension to removal |
| **L** | **Reporting Responsibilities - continued** | | | | |
| 2 | Concealing or failing to report, missing, lost, or damaged, government property or funds or property or funds in the government's custody or care | | Written reprimand to 5-day suspension | 14-day suspension to removal | Removal |
| 3 | Failing to report an accident or injury to a person, including oneself, or damage to property, arising from acts committed on-duty or occurring within the scope of employment | | Written reprimand to 5-day suspension | 14-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 4 | Failing to promptly report violations of laws enforced by the OE. | | 14-day suspension to removal | 30-day suspension to removal | 30-day suspension to removal |
| 5 | Failing to timely complete or submit required financial disclosure forms | | Reprimand to 5-day suspension | 6-day to 14-day suspension | 15-day suspension to removal |
| 6 | Failure to report misconduct. Failure to report information concerning violation of any law, policy, or procedure by an OE employee | This includes reporting your own misconduct and/or violations. | Reprimand to removal | 5-day suspension to removal | 30-day suspension to removal |
| **M** | **Safety/Security/Health** | | | | |
| 1 | Failure to observe and/or enforce safety and health regulations, rules, signs, and instructions, or to perform duties in a safe manner; failure to wear protective clothing and equipment, including vehicle safety restraints; failure to observe rules, posted signs, emergency alarms, oral safety instructions | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 2 | Endangering the safety of, or causing injury to, any person through carelessness or failure to follow instructions | | 5-day suspension to removal | 14-day suspension to removal | Removal |
| 3 | Willful or reckless disregard for the safety of others | Includes piloting aircraft too low or acrobatically | 30-day suspension to removal | Removal | |
| 4 | Violation of local traffic laws of any state or political subdivision while operating a government-owned or leased vehicle | With the exception of authorized surveillance or other law enforcement operations | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| 5 | Violation of traffic regulations, reckless driving, or improper operation of a vehicle on government controlled premises | This includes POVs or GOVs. Disciplinary action may be taken in addition to any applicable traffic fine or penalty (with exceptions noted in M.4). | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |
| **M** | **Safety/Security/Health - continued** | | | | |
| 6 | Violation of security procedures covering information, documents, records, or other material classified or sensitive to the government, including Privacy Act protected records | | Written reprimand to 14-day suspension | 15-day suspension to removal | Removal |

# Interim ICE Table of Offenses and Penalties
## For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 7 | Unauthorized disclosure of information, documents, records, or other material classified or sensitive to the government, including Privacy Act protected records and Grand Jury information | 5 USC 552a, 18 USC 1030; Rule 6e of the Federal Rules of Criminal Procedure | 14-day suspension to removal | 15-day suspension to removal | Removal |
| **N** | **Unauthorized Takings or Possession** | | | | |
| 1 | Unauthorized use, removal, or possession of a thing of value belonging to another employee or private citizen; colluding with others to commit such acts | Conversion of seized property to one's own use or sale may result in removal for the first offense. | Written reprimand to removal | 15-day suspension to removal | Removal |
| 2 | Actual or attempted theft, or other unauthorized taking, diversion or possession of funds or property, owned or controlled by the Government; colluding with others to commit such acts | 18 USC 641 | Written reprimand to removal | 14-day suspension to removal | Removal |
| **O** | **Weapons Related** | | | | |
| 1 | Failure to report the discharge of a firearm or use of a weapon as required by applicable policy | For all items in section O: "weapon" refers to, but is not limited to, authorized firearms, batons, and chemical spray | Written reprimand to 5-day suspension | 6-day suspension to removal | 14-day suspension to removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

# Interim ICE Table of Offenses and Penalties
# For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| 2 | Inappropriate storage, care, loss, or misplacement of a weapon or ammunition | Includes damage caused by carelessness | 5-day suspension to 14-day suspension | 15-day suspension to removal | Removal |
| 3 | Inappropriate display or brandishment of a weapon or ammunition | | 5-day suspension to 14-day suspension | 15-day suspension to removal | Removal |
| 4 | Unauthorized or illegal possession of a weapon or ammunition | | 14-day suspension to removal | 30-day suspension to removal | Removal |
| 5 | Unnecessary discharge of a weapon | | | | |
| | (a) Where there is apparent danger to human life: | | | | |
| | (1) Intentional | | Removal | | |
| | (2) Unintentional | | 14-day suspension to removal | Removal | |
| **O** | **Weapons Related - continued** | | | | |
| | (b) Where there is no apparent danger to human life: | | | | |
| | (1) Intentional | | 14-day suspension to removal | 30-day suspension to removal | Removal |

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 1

## Interim ICE Table of Offenses and Penalties
## For non-bargaining unit employees

| | NATURE OF OFFENSES | REFERENCES/ EXPLANATORY NOTES | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE |
|---|---|---|---|---|---|
| | (2) Unintentional | | Written reprimand to 3-day suspension | 5-day suspension to removal | 14-day suspension to removal |
| | | | | | |

[2]

[2] Nothing in this table should be interpreted as prohibiting: (1) the reporting of suspected fraud, waste, abuse, corruption, misconduct, or a substantial and specific danger to public health or safety to appropriate agency officials (see 5 U.S.C. sec. 2302); or (2) the free expression of an employee's opinions on matters of public concern in his or her private capacity, consistent with reasonable and necessary limitations on disclosures (see Part M). Managers with questions about the limits of protected and prohibited speech should contact their servicing agency legal counsel; employees should contact their ethics counselors for guidance.

# Attachment 2




IMMIGRATION AND CUSTOMS ENFORCEMENT
FEDERAL AIR MARSHAL SERVICE
DIRECTIVES SYSTEM

**OMS 3700**

**07/26/05**

**SUBJECT: EMPLOYEE RESPONSIBILITIES AND CONDUCT**

1. **PURPOSE:** This Directive establishes the standards of behavior required of all Federal Air Marshal Service (FAMS) employees.

2. **DISTRIBUTION:** All FAMS employees.

3. **REFERENCE:**

a. Title 18 United States Code Sections 203, 205, 208, and 209.
b. *Standards of Ethical Conduct for the Employees of the Executive Branch* (*Standards*), 5 C.F.R. Part 2635, dated August 7, 1992.
c. *Employee Responsibilities and Conduct*, 5 C.F.R. Part 735, dated November 30, 1992.
d. *Principles of Ethical Conduct for Government Office and Employees* (*Principles*), Executive Order 12731, dated October 17, 1990.
e. Department of Transportation (DOT) Order 3910.1C.
f. *Interim Policy on Employee Responsibilities and Conduct*, Transportation Security Administration (TSA) Human Resource Management Policy Manual, HRM Letter No. 735-1.
g. U.S. Immigration and Customs Enforcement (ICE), Interim Table of Offenses and Penalties for Non-Bargaining Unit Employees, dated April 18, 2005 (see OMS 3752).
h. Title 6 United States Code Sections 122, 131.
i. *Classified National Security Information*, 6 C.F.R. Part 7, dated January 1, 2005.

4. **ATTACHMENT:** Federal Air Marshal Service, *Standards of Conduct Annual Employee Certification*, FAM F 3700.

5. **RESPONSIBILITY:**

a. Supervisors shall:

1. Ensure that employees under their supervision understand and adhere to the procedure set forth in this Directive.

2. Ensure that all new employees under their supervision receive a personal copy of the requirements and standards contained in this Directive, the *Standards,* and the *Principles* within one week of the new employee's entrance on duty.

3. Provide employees two hours of official duty time to review this Directive, the *Standards*, the *Principles*, and the TSA *Interim Policy on Employee Responsibilities and Conduct.*

4. Ensure that employees under their supervision certify to having received and read this Directive, the *Standards,* and the *Principles* by signing the Federal Air Marshal Service *Standards of Conduct Annual Employee Certification*, FAM F 3700 within 30 days of the effective date of this Directive (07/26/05), and then annually during their annual performance review.

5. Counsel and advise employees under their supervision concerning the requirements and standards set forth in this Directive, and as needed direct them to an agency ethics official for assistance with the application of the *Standards* and *Principles*.

6. Initiate appropriate corrective action when employees under their supervision violate the requirements and standards contained in this Directive, the *Standards*, the *Principles*, and the TSA *Interim Policy on Employee Responsibilities and Conduct.*

7. File a financial disclosure report when required by the FAMS.

8. Attend ethics training as required by the FAMS.

b. Employees shall:

1. Adhere to the procedure set forth in this Directive.

2. Certify to having received and read this Directive, the *Standards,* and the *Principles* within 30 days of the effective date of this Directive (07/26/05), and then annually during their annual performance review. New employees shall make this certification within one week of entry on duty.

3. Seek information from their supervisors or an agency ethics official in case of doubt or misunderstanding on the application of the requirements and standards set forth in this Directive, the *Standards,* and the *Principles*.

4. Be aware that a violation of this Directive, the *Standards*, the *Principles*, or the TSA *Interim Policy on Employee Responsibilities and Conduct* may be cause for appropriate corrective or disciplinary action in addition to any action or penalty prescribed by law.

5. Attend ethics training as required by the FAMS.

**6. POLICY:**

a. As established by this Directive, each employee of the FAMS is expected to demonstrate standards of behavior, both on and off the job, that reflect favorably on the government and on the public we serve.

b. The absence of a specific published standard of conduct covering an act tending to discredit an employee or the FAMS, ICE, or the Department of Homeland Security

(DHS) does not mean that such an act is condoned, is permissible, or would not call for and result in corrective or disciplinary action.

## 7. GENERAL RULES OF CONDUCT:

a. When dealing with the public and each other, employees shall be patient, courteous, and respectful. Employees shall be tactful in the performance of their duties, shall control their tempers, and must exercise patience and discretion. Employees shall not engage in argumentative discussions even in the face of provocation, and they shall be attentive to members of the public seeking assistance or information, or who desire to register complaints.

b. When dealing with the public and each other, employees in the performance of their duties shall not intentionally make statements belittling the beliefs or teachings of another, nor shall they make statements that, by their very utterance, would bring discredit upon the FAMS through demonstration of a lack of compassion, tolerance, understanding, or thoughtfulness.

c. When dealing with the public and each other, employees in the performance of their duties will not use coarse, threatening, profane or insolent language or gestures.

d. When dealing with the public and each other, employees in the performance of their duties shall not express any prejudice concerning race, sex, sexual orientation, creed, color, religion, national origin, age, disability, employment, political standing, political beliefs, marital status, pregnancy, or parenthood.

e. Employees shall be punctual in all of their engagements and they shall diligently perform their duties.

f. Employees shall render impartial, efficient, and effective services to the public in the discharge of their duties, and always regard their office as one of public trust.

g. Employees shall perform their duties in a courteous, fair, just, impartial, and reasonable manner and equally to everyone.

h. Employees shall protect and conserve government property, and shall not use or allow its use for any unauthorized purposes.

i. Employees shall report suspected waste, fraud, abuse, corruption or other suspected professional misconduct to their supervisors or to other appropriate FAMS, ICE, or DOT officials, such as the ICE Office of Professional Responsibility or the DHS Office of the Inspector General. Nothing in this Directive shall be interpreted as prohibiting legally protected disclosures, including disclosures to Congress, under 5 U.S.C. § 2302 or other Whistleblower protection laws or regulations.

## 8. PROHIBITED BEHAVIOR:

a. The FAMS will not condone, permit or tolerate any kind of harassment of others, whether employees, applicants, or members of the public, on the basis of race, sex, sexual orientation, creed, color, religion, national origin, age, disability, employment, political standing, political beliefs, marital status, pregnancy, or parenthood. Employees who

knowingly permit, engage in, or instigate such harassment may be subject to disciplinary action, up to and including removal.

b. Although race and ethnicity may never be the primary or exclusive factors in a decision to investigate, search, or arrest an individual or his or her property, FAMS may consider an individual's race or ethnicity (1) when a compelling government interest is present, such as the protection of the air transportation system and its passengers, to the extent permitted by the Constitution and laws of the United States, or (2) when the race- or ethnicity-based information is specific to particular suspects or incidents, or to ongoing criminal activities, schemes, or operations. Whenever possible, FAMS should consider an individual's connections to countries that are associated with significant terrorist activity rather than relying on race or ethnicity. In no case, however, shall a Federal Air Marshal (FAM) allow race, sex, sexual orientation, creed, color, religion, national origin, age, disability, employment, political opinion or standing, marital status, pregnancy, or parenthood to influence the quality of a FAM's provision of services to the public.

**9. NEGLECT OF DUTY:**

a. Employees shall not engage in any activities or personal business that causes them to neglect, or be inattentive to their assigned duties.

b. Employees shall report for duty at the time and place required by assignment or orders, and they shall be physically and mentally fit to perform their duties.

c. Employees shall be properly equipped and cognizant of information required for the proper performance of duty so that they may immediately assume their duties.

d. Employees shall not feign illness or injury, falsely report themselves ill or injured, or otherwise deceive or attempt to deceive the FAMS as to the condition of their health. If requested by a supervisor, an absence reported as 'sick leave' must be supported and verified through written documentation provided by a licensed physician, or other acceptable evidence of incapacity for work or need to care for a family member.

e. Employees are required to remain awake while on-duty. If in the course of FAM duties a rest break is necessary, such breaks must be approved by the Team Leader and will be coordinated with other members of the team. Such rest breaks will not be excessive and are solely at the discretion of the Team Leader.

f. Employees shall not leave their duty area without permission from their supervisor.

**10. OBLIGATIONS OF SUBORDINATES:**

a. Employees shall obey the lawful orders of their supervisors including orders relayed to them by their supervisor's designee.

b. During official investigations, employees shall truthfully answer all questions specifically directed and narrowly related to:

1. The operations of the FAMS;
2. Any activity that may adversely affect the FAMS; or,

3. The scope of their employment.

**11. PROPER PERFORMANCE OF DUTIES:**

a. Employees shall not commit or omit acts, which they know, or should know, would constitute a violation of any rules, regulations, procedures, directives, or orders of the FAMS, ICE, or DHS.

b. Employees shall truthfully complete and submit all required reports according to established procedures. No employee shall knowingly record, allow or cause to be recorded, any inaccurate, false, misleading or improper information.

c. Employees shall not make false accusation of any criminal charges. Employees shall not knowingly make false accusations of employee misconduct.

d. FAMs shall not make any arrest, search, or seizure, which they know, or should know, is not in accordance with law and FAMS, ICE, or DHS policy and procedures.

e. Employees shall use government equipment for its intended purpose in accordance with established policy and procedures.

f. Employees shall not abuse, use negligently, negligently damage, or lose government equipment through acts of omission or commission.

g. Employees shall maintain their equipment in proper order and shall report any defect or hazardous condition to their supervisor.

**12. OFF-DUTY CONDUCT:**

a. Employees are expected to conduct themselves in a manner that will not reflect adversely on themselves, the FAMS, ICE, or DHS.

b. Employees shall not cause embarrassment to the FAMS, ICE, or DHS, or behave in a manner that will cause their co-workers or the public to lose trust in them or question their reliability or judgment.

c. Misconduct may result in disciplinary action including removal of the employee's security clearance. The following are examples of off-duty misconduct:

1. Any applicable violation of the requirements and standards of this Directive, the *Standards*, the *Principles*, or the TSA *Interim Policy on Employee Responsibilities and Conduct*;
2. Criminal, infamous, notorious or dishonest behavior;
3. Misuse of alcohol;
4. Deleterious personal or business affairs that affect the employee, disrupt the workplace, or adversely affect the FAMS, ICE, or DHS;
5. Violation of federal, state, or local law. A conviction for the violation of any law shall be ***prima facie*** evidence of a violation of this Directive. An acquittal or lack of a formal criminal complaint may not preclude an internal administrative investigation and subsequent disciplinary action;
6. Possession or use of any controlled substance in violation of federal, state, or local law; or,

7. Gambling activity while on government-owned or leased property. Gambling activity includes, but is not limited to, the operation of a gambling device, conducting a lottery or pool, a game for money or property, or selling or purchasing a numbers slip or ticket.

d. FAMs occupy safety-sensitive positions and they are therefore subject to testing for use of alcohol and controlled substances per DOT Order 3910.1C. FAMs shall abstain from alcohol for a minimum of 4-hours prior to non-mission duty and a minimum of 8-hours prior to mission duty. FAMs shall not appear for duty or be on-duty with a blood/alcohol concentration of 0.02 or greater. If a FAM, while on-duty, is found to have a blood/alcohol concentration of 0.02 or greater, disciplinary measures will ensue. Refusing to provide breath for testing, tampering with breath alcohol equipment, or failing to cooperate with the testing procedures will be grounds for removal from the FAMS.

e. Employees arrested for any offense other than a minor traffic violation must immediately report that arrest to their supervisor and provide written documentation of that arrest.

f. Notwithstanding any provision in this Directive, an employee has the right to disclose any information that the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, unless such disclosure is prohibited by law, regulation, or executive order.

**13. ETHICAL CONDUCT:** Employees shall not solicit or accept any gift (including any gratuity, favor, discount, entertainment, hospitality, loan, forbearance, or any item having monetary value) where the gift is:

a. Offered because of the employee's official position; or,

b. Offered by a prohibited source including, any person who is seeking official action by the FAMS, does business or seeks to do business with the FAMS, conducts activities regulated by the FAMS, or has interests that may be substantially affected by the performance or non-performance of the employee's official duties, unless an exception applies under the *Standards*.

**14. ABUSE OF POSITION:** Employees shall not use their official position, credentials, official identification cards, or badges to:

a. Obtain private gain (including financial gain) or the private gain of friends, relatives, or persons with whom the employee is affiliated in a non-governmental capacity;

b. Obtain privileges not otherwise available to them, except in the performance of official duty; or,

c. Avoid the consequences of illegal acts by improperly requesting relief from traffic ordinances, statutes, or regulations while operating privately owned or government vehicles.

**15. OUTSIDE EMPLOYMENT:**

a. FAMS employees who are engaged in outside employment shall notify their immediate FAMS supervisor in writing of any outside employment and include the following in the notification:

1. The name of the outside employer or a statement that the employee will be self-employed;
2. The type of employment or business activity;
3. A description of the employee's official dealings on behalf of the FAMS, ICE, or DHS with the outside employer; and,
4. Any additional information requested by the FAMS supervisor or Deputy Ethics Official.

b. Employees may not engage in outside employment or other outside activity that conflicts with their official duties. Outside employment conflicts with an employee's official duties if:

1. It is prohibited by statute, Executive Order, or federal regulations, including, but not limited to, the *Standards*, the financial conflicts of interest statute (18 U.S.C. Section 208), the statutes prohibiting representational activities (18 U.S.C. Sections 203 and 205), and the statute prohibiting the supplementation of an employee's government salary (18 U.S.C. Section 209);
2. It would require the employee's disqualification from matters so central and critical to the employee's official duties that the employee's ability to perform the duties of their position would be materially impaired;
3. It hinders the mission of the FAMS, ICE, or DHS; or,
4. It creates the appearance that the employee is violating the law or ethical standards.

c. No employee will accept employment, compensation, payment of expense, or any other thing of monetary value under circumstances in which acceptance may result in, or create the appearance of, a conflict of interest. The following outside employment activities are examples of activities that conflict with or create the appearance of a conflict of interest:

1. Employment providing security or law enforcement services to, or on behalf of, any outside entity;
2. Employment with any outside entity engaging in the sale, manufacture, or distribution of security equipment, firearms, ammunition, or explosive devices;

3. Employment with any outside entity or person with whom the employee has official dealings on behalf of the FAMS, ICE, or DHS;

4. Engaging in sales activity, including the solicitation of business or the receipt of orders while on duty; or,

5. Engaging in outside employment or other outside business activity that provides goods or services to the FAMS, ICE, or DHS, or with persons or entities whose business interests are affected by FAMS, ICE, or DHS rules or regulations.

d. No employee will engage in outside employment or other outside activity that impairs the employee's mental or physical ability to perform FAMS duties and responsibilities in an acceptable manner.

e. No employee will engage in any outside business or activity, which impairs the operation or efficiency of the FAMS.

f. No employee may use sick leave to engage in outside employment or any activity associated therewith.

g. Outside employment is permitted if there is no realistic possibility of a conflict of interest or the appearance of a conflict of interest. Employees are encouraged to contact the ICE Office of Principal Legal Advisor for guidance on whether outside employment or other outside activities conflict with an employee's official duties.

**16. ADVERTISEMENTS, ENDORSEMENTS AND REFERRALS:** Employees shall not use or permit the use of their government position or title, or any authority associated with their public office to endorse or promote any product, service, or enterprise, unless approved by the FAMS Director and the ICE Office of Principal Legal Advisor.

**17. QUESTIONABLE ASSOCIATIONS AND ESTABLISHMENTS:**

a. Employees shall avoid association or participation with extremist organizations or activities that are inconsistent with their duties and responsibilities as FAMS employees. Extremist organizations or activities are defined as ones that:

1. Advocate racial, gender, or ethnic hatred or intolerance;

2. Advocate, create, or engage in illegal discrimination based on race, color, gender, religion, or national origin; or,

3. Advocate the use of force or violence or unlawful means to deprive individuals of their rights under the United States Constitution or the laws of the United States, or of any state.

b. Employees shall avoid regular or continuous associations or dealings with persons whom they know, or should know, are under criminal investigation or indictment or who have a reputation in the community for present involvement in felonious or criminal behavior, except as necessary in the performance of official duties, or where unavoidable because of other personal relationships.

c. Employees shall not knowingly visit or frequent a house of prostitution, gambling house, or any establishment wherein federal, state, or local laws are violated.

**18. PUBLIC STATEMENTS AND APPEARANCES:**

a. The promotion of teamwork among employees in the workplace and public confidence in FAMS are important interests to the operation of FAMS and to the safety of the public. Employees shall not undermine teamwork or public confidence in FAMS by criticizing or ridiculing other FAMS, ICE, or DHS employees in a manner that is defamatory, obscene, unlawful, unprofessional, or which constitutes harassment based on sex, race, ethnicity, national origin, or sexual orientation, and which impairs the operation or efficiency of the FAMS, ICE, or DHS.

b. FAMS employees should notify the ICE Office of Public Affairs and Internal Communications (OPA) for prior guidance and review before making statements the employee knows are likely to be made available to the general public, that have policy implications or address sensitive policy or political issues, and which:

1. Will be made in the employee's official capacity; or
2. Will be made under circumstances in which the public is reasonably likely to perceive the statement as reflecting the views of FAMS or its management.

c. Nothing in this Directive is intended to limit the free public expression of an employee's personal opinions about matters of public concern, including opinions about issues of public concern relating to the FAMS, provided the individual complies with all laws and policies safeguarding the unauthorized disclosure of official information.

**19. RELEASE OF SENSITIVE OR CLASSIFIED INFORMATION:**

a. Employees shall not disclose information that is classified, critical infrastructure information, Sensitive Security Information, information protected under the Privacy Act, or other sensitive or secret information, except in conformity with all applicable statutes, regulations, policies, and executive orders, and only when authorized by the FAMS Classified Documents Custodian.

b. Employees who release classified information or records in any form without authorization from the FAMS Classified Documents Custodian are in violation of United States Code and are subject to arrest and prosecution.

c. Employees who release sensitive information without authorization from the FAMS Classified Documents Custodian are in violation of FAMS, ICE, and DHS policy and will be subject to disciplinary action.

**20. USE OF GOVERNMENT SYSTEMS:**

a. Employees are expected to conduct themselves professionally in the workplace and are prohibited from inappropriate use of government telephones, computers, electronic messaging and Internet connectivity.

b. Employees are prohibited from any government systems usage that may result in congestion, delay, or disruption of service to the FAMS including, but not limited to, viewing, creating, acquiring, downloading, storing, copying, or transmitting audio files, video clips, pictures, or animation files when that use is not in conjunction with the performance of official duties.

c. Employees are specifically prohibited from using any government systems to access or distribute sexually explicit or sexually oriented materials, materials that ridicule or may be offensive to others on the basis of race, sex, sexual orientation, creed, color, religion, national origin, age, handicap, employment, political standing, political beliefs, marital status, pregnancy, or parenthood.

d. Employees are specifically prohibited from any government systems usage for the pursuit of private commercial activities or profit-making ventures, or partisan political activities.

Thomas D. Quinn
Director, Federal Air Marshal Service