UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| TERRY M. BABB and FEDERAL AIR MARSHAL ASSOCIATION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 05-cv-1088 (RCL) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, and THOMAS D. QUINN, Director, Federal Air Marshal Service. | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND/OR IN THE ALTERNATIVE MOTION TO AMEND THE COMPLAINT**

INTRODUCTION

Defendants' motion to dismiss established that the Court lacks jurisdiction over all three of plaintiffs' claims and that Counts II and III are also subject to dismissal for failure to state a claim. Plaintiffs' opposition does not dispute that Count I of the complaint is moot and must be dismissed because its subject (a directive known as ADM 3700) has been repealed. Plaintiffs' professed desire to challenge ADM 3700's replacement (known as OMS 3700) remains no more than an aspiration at this point because plaintiffs did not submit an amended complaint, in violation of Local Rule 15.1. Rather, six months after OMS 3700 was put in place, plaintiffs only belatedly attempt to move to amend their complaint as an "alternate" response to defendants' motion to dismiss. Nor have plaintiffs explained the basis for their challenge to

OMS 3700 or even what section(s) they are challenging, nor have they addressed the fact that the policy expressly protects the right of employees to speak out on matters of public concern. Accordingly, they have failed to establish that such an amendment, even if properly submitted, would be anything but futile.

The remainder of plaintiffs' opposition consists of non sequiturs and ineffective responses. Plaintiffs' opposition to defendants' motion to dismiss Count II of their complaint, which attempts to secure total future investigative immunity for plaintiff Federal Air Marshal Association, Inc. ("FAMA"), fails to address the various jurisdictional defects that defendants' motion identified, including the lack of an imminent threat of injury, the impropriety of the requested relief, and the general lack of redressability. Moreover, their response to defendants' 12(b)(6) argument assails the constitutionality of an investigative request that defendants are not alleged to have made – namely, a request for a list of FAMA members.

Finally, Count III of plaintiffs' complaint is moot in light of the transfer of FAMS to the jurisdiction of the Transportation Security Administration ("TSA"). The investigative arm of TSA does not use the investigative warning challenged by plaintiffs or have any similar policy. Moreover, even if the transfer had not occurred, plaintiffs' challenge to the warning would be unavailing (1) because it does not prohibit the subject of an investigative interview from discussing the interview with an attorney and others who are truly unconnected to the investigation, and (2) because plaintiffs do not deny defendants' interest in preventing the subjects of an investigative interview from discussing the nature of the interview with others who *are* connected to the investigation.

# ARGUMENT

## I. PLAINTIFFS' CLAIM CONCERNING ADM 3700 SHOULD BE DISMISSED

Defendants' motion to dismiss established that ADM 3700 has been repealed and that plaintiffs' claim concerning ADM 3700 is therefore moot and should be dismissed pursuant to Rule 12(b)(1). Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Def. Mem.") at 6-9. Plaintiffs' response agrees that "ADM 3700 was repealed on July 26, 2005, and replaced with OMS 3700" and does not dispute that plaintiffs' ADM 3700 claim is moot or otherwise dispute that the claim should be dismissed. Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss and/or in the Alternative Motion to Amend the Complaint ("Pls' Resp.") at 14. Accordingly, Count I of plaintiffs' complaint, which exclusively addresses ADM 3700, should be dismissed.

## II. PLAINTIFFS' MOTION TO AMEND THE COMPLAINT TO CHALLENGE OMS 3700 VIOLATES LOCAL RULE 15.1 AND, IN ANY EVENT, SUCH AN AMENDMENT WOULD BE FUTILE

Instead of contesting defendants' motion to dismiss Count I, plaintiffs instead seek in the alternative to amend their complaint to challenge OMS 3700. Pls' Resp. at 15. There are two problems with this effort, either of which independently justifies denial of the motion. *First*, Local Rule of Civil Procedure 15.1 requires that a motion for leave to file an amended pleading "be accompanied by an original of the proposed pleading as amended." Plaintiffs have not submitted the proposed pleading with their motion. Accordingly, plaintiffs' motion violates Local Rule 15.1 and should be denied or stricken for this reason alone.

*Second*, plaintiffs' discussion of why an amendment would be justified makes clear that any such amendment, even if properly presented, would be futile.[1]  OMS 3700 is indisputably constitutional and resolves plaintiffs' complaints about ADM 3700 as a matter of law.  Whereas plaintiffs asserted that ADM 3700 prohibited the disclosure of any information about the FAMS, Compl. ¶¶ 18-19, OMS 3700 provides that "Nothing in this Directive is intended to limit the free public expression of an employee's personal opinions about matters of public concern, *including issues of public concern relating to the FAMS*, provided the individual complies with all laws and policies safeguarding the unauthorized disclosure of official information."  Exhibit ("Ex.") 1, Declaration of Ilir M. Tsungu, Attachment 2, OMS 3700, Memorandum From Thomas D. Quinn Concerning Employee Responsibilities and Conduct ("OMS 3700" ), July 26, 2005, at ¶ 18(c).  The published amendments further provide that nothing "shall be interpreted as prohibiting legally protected disclosures, including disclosures to Congress, under 5 U.S.C. § 2302 or other Whistleblower protection laws or regulations," and that "an employee has the right to disclose any information that the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, unless such disclosure is prohibited by law, regulation or executive order."  *Id*. at ¶¶ 7(i), 12(f).  Moreover, while plaintiffs complained that ADM 3700 prohibited federal air marshals "from creating or participating in unofficial

---

[1] Plaintiffs' right to amend their complaint once prior to the filing of a responsive pleading does not encompass the right to force this Court "to reconsider an amended complaint that fails to state a claim upon which relief could be granted, or that would otherwise fail as a matter of law." *James V. Hurson Assocs. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000).

Internet websites concerning" FAMS, TSA, or DOT," Compl. ¶ 17, there is no such prohibition in OMS 3700.

Plaintiffs offer the Court no basis for concluding that there would be any basis for a hypothetical amended complaint challenging OMS 3700. Instead, plaintiffs generally assert that "there are several areas which the plaintiffs will challenge under an overbreadth and vagueness theory," that "there are provisions in the new directive which forbid or compel speech," and that OMS 3700 "overly restricts the plaintiffs' First Amendment rights" and does "nothing to ease the chilling effect on speech for employees and employees who would be whistleblowers." Pls' Resp. at 15.[2] These conclusory assertions fly in the face of the provisions addressed above and do not identify the specific provisions of OMS 3700 that plaintiffs are challenging, let alone explain the constitutional basis for the challenge. *See Trudeau v. Federal Trade Comm'n*, 384 F. Supp. 2d 281, 288 (D.D.C. Aug. 25, 2005) ("Conclusory legal and factual allegations, however, need not be considered by the court" in deciding a Rule 12(b)(6) motion). Because plaintiffs have not established that a challenge to OMS 3700 could withstand a motion to dismiss, plaintiffs would have established no basis for amending their complaint even if their motion were otherwise proper.

Plaintiffs somewhat cryptically assert that the instant motion is "a motion to dismiss based on the sufficiency of the complaint and not one for summary judgment," that "the only inquiry is whether the plaintiffs have set forth sufficient facts to demonstrate that they are entitled

---

[2] *See also Belizan v. Hershon*, – F.3d –, 2006 WL 89162, *3 (D.C. Cir. Jan. 17, 2006) (A "bare request in an opposition to a motion to dismiss–without any indication of the particular grounds on which amendment is sought–does not constitute a motion within the contemplation of Rule 15(a)") (citation and internal quotation marks omitted).

to relief," and that "[b]ecause ADM 3700 has since been repealed, it would be appropriate for the court to allow the plaintiffs to amend" their complaint. Pls' Resp. at 15. While the last statement does not follow logically from the first two, plaintiffs appear to suggest that it is improper for the government to discuss the language of OMS 3700 in the context of a Rule 12(b)(6) motion. Plaintiffs, however, fail to explain the basis for their hypothetical challenge to OMS 3700; and, in any event, the Court may certainly consider the text of OMS 3700 to determine its facial validity under Rule 12(b)(6) and that any amendment would be futile. *See Bannum, Inc. v. Sawyer*, 251 F. Supp. 2d 7, 10 (D.D.C. 2003) (in evaluating a Rule 12(b)(6) motion, courts may consider documents "incorporated by reference in the complaint").

### III.     PLAINTIFFS' FREEDOM OF ASSOCIATION CLAIM SHOULD BE DISMISSED

#### A.     The Court Lacks Jurisdiction Over This Claim

Count II of plaintiffs' complaint seeks to enjoin defendants from an alleged "present and future practice" of "compelling disclosure of information" about FAMA. Defendants' motion established that the Court lacks jurisdiction over this claim because (1) there is no present controversy inasmuch as plaintiffs have already disclosed the requested information and plaintiffs do not allege that there is a pending request for such information or a threat of imminent harm sufficient to establish standing; and (2) the issue is not fit for judicial resolution because the validity of a hypothetical future request for such information should be evaluated in the context of a concrete factual scenario where the Court could examine the information sought and the need for the information. Def. Mem. at 9-11; *see also Gilbert v. Nix*, 990 F.2d 1044 (8th Cir. 1993) (discussed in Def. Mem. at 9). In addition, the alleged injury is not redressable

because plaintiffs would not, under any circumstances, be entitled to an injunction that immunizes their organization from all future investigative scrutiny, and because any other injunction would be an improper "obey the law" injunction. Def. Mem. at 12-14. Finally, even plaintiffs' allegations of past injury are excessively conclusory, particularly in view of the fact that the entity that requested the information at issue – *i.e.*, the Office of Professional Responsibility of the Bureau of Immigration and Customs Service ("ICE OPR") – is independent from the FAMS, and there is no allegation that ICE OPR's independence has been somehow compromised. *Id.* at 14-15.[3]

Plaintiffs do not respond to any of these points. Instead, plaintiffs assert only that "defendants have yet to affirmatively assert that they will not compel speech about FAMA." Pls' Resp. at 19. It is, however, plaintiffs' burden to establish jurisdiction, not defendants' burden to disprove it, and plaintiffs have failed to satisfy that burden. *See* Def. Mem. at 5. Moreover, as indicated previously, the failure to assert that defendants will never compel disclosure of any information about FAMA in the future is hardly surprising inasmuch as no responsible agency could possibly declare an entire topic of investigation off limits. Def. Mem. at 17.

In addition, plaintiffs assert that there has been no showing that "compelled disclosure of FAMA membership was justified or had a substantial relation to the government interest sought to be disclosed." Pls' Resp. at 19. This sentence is irrelevant inasmuch as plaintiffs have not alleged that defendants have sought to compel "disclosure of FAMA *membership*." *See* Compl. ¶ 43(a)-(j) (containing a list of allegedly requested information that does not include a list of

---

[3] As stated previously, such allegations would be insufficient even under the standards of a Rule 12(b)(6) motion, let alone under the more rigorous pleading standards that apply when evaluating a Rule 12(b)(1) motion. Def. Mem. at 5, 14-15.

FAMA's members).  Regardless, plaintiffs have provided the information that actually was requested, there is no imminent threat of injury, and the prior investigation was conducted by an independent office that no longer even has future investigative jurisdiction over the plaintiffs. The Court thus lacks jurisdiction over what amounts to no more than the speculative possibility that defendants will request information in the future.

Plaintiffs also summarize the Court's decision in *Fraternal Order of Police, D.C. v. Rubin*, 26 F. Supp. 2d 133 (D.D.C. 1998), Pls' Resp. at 16-19, without explaining how the case answers any of the points previously raised by defendants.  The ultimate disposition of the case, moreover, confirms defendants' position.  In later dismissing the case as moot after the conclusion of the challenged investigation, the Court recognized that it would be improper to impose prospective relief that would "categorically delineate what investigative practices are impermissible."  *Fraternal Order of Police, D.C. v. Rubin*, 134 F. Supp. 2d 39, 44 (D.D.C. 2001).  The Court explained that because "the challenged investigation has concluded, and because the specific circumstances of any future investigations are unknown, such a ruling would resemble a constitutionally-prohibited advisory opinion." *Id*.  It would be similarly improper to enjoin all future hypothetical investigations of FAMA.

      B.      <u>Plaintiffs Have Failed to State a Claim</u>

Defendants' initial motion established that plaintiffs have failed to state a valid right of association claim as a matter of law because the information that ICE OPR allegedly requested (*e.g.*, the identity of officers in the organization (which is, according to the case caption, a corporation) or information about public statements made by those officers, Compl. ¶ 43(c)), does not implicate the right of association and, separately, because plaintiffs fail to allege that

8

ICE OPR had no legitimate reason for seeking the information. Def. Mem. at 15-16. In addition, defendants pointed to cases (including the *NAACP* case cited by plaintiffs, *see* Pls' Resp. at 11, 13) that have recognized the legitimacy of requests for identification of an organization's officers in far more sensitive circumstances than the present case. Def. Mem. at 15-16. Defendants further explained the relevance of such information to various legitimate areas of inquiry, including questions about the disclosure of sensitive information, and also pointed out that even an illegitimate prior request could not possibly justify the relief that plaintiffs seek. *Id*. at 17.

  Plaintiffs disregard these points and instead aim their fire at a request that the defendants are not alleged to have made. Specifically, plaintiffs argue that defendants could not constitutionally require FAMA to produce a list of *members* without compelling reasons. *See* Pls' Resp. at 13. In support of this proposition, plaintiffs cite cases addressing "state requirements that advocacy groups disclose *membership lists*," "disclosure of *membership lists* by the defendant NAACP," whether a defendant "could be forced to disclose *its contributors*," "the constitutionality of a state educational code provision that would have required it to disclose its *membership*," and "compelling of the FOP *membership information* and *member discussions*." *Id*. at 9, 13, 18 (emphasis added).

  The complaint, however, does not allege that defendants have requested a list of FAMA members or FAMA internal deliberations. *See* Compl. ¶ 43(a)-(j). Instead, plaintiffs allege only that defendants have sought basic organizational information, the identity of corporate officers, and information about *public* statements made by the organization and its officers. Plaintiffs do not even attempt to explain how such requests implicate the right of association, nor do they

address the cases that have upheld the constitutionality of such requests. *See* Def. Mem. at 16.

Plaintiffs also identify no basis for their request for an injunction immunizing FAMA from all future investigative scrutiny. Instead, as discussed *supra* at 8, plaintiffs' own authority, as well as the law recognizing the importance of protecting the integrity of the agency investigative process, *see* Def. Mem. at 13 and notes 5 and 6, make clear that such an injunction would inappropriately restrict the agency's "power of investigation."

## IV.    PLAINTIFFS' CLAIM RELATED TO OPR INVESTIGATIVE PRACTICES SHOULD BE DISMISSED

Count III of the complaint requests that "this court enjoin the defendants from present and future enforcement of the defendants' continuing practice of threatening disciplinary and/or criminal sanctions against employees who discuss the nature of an OPR investigation with others . . . ." Defendants' motion established that this claim should be dismissed because, *inter alia*, (1) the government's interest in protecting the integrity of its investigations clearly justifies the prohibition on speaking with others who *are* connected with the investigation; (2) the plaintiffs are not barred from speaking with others who are truly unconnected with the investigation; and (3) the claim is moot because FAMS is now under the jurisdiction of TSA. Def. Mem. at 17-25.

Beginning with the last point, in response to defendants' point that ICE OPR no longer has investigative jurisdiction over the plaintiffs, plaintiffs assert without support that "'the Notice of Rights and Obligations' is a Federal Air Marshal form." Pls' Resp. at 19. As an examination of the form reveals, however, the form is an ICE/OPR form, not a FAMS or TSA form, Def. Mem. Exh. 2, Declaration of Traci A. Lembke, Att. 3. Plaintiffs offer no reason to believe that the same form is used by TSA, which currently has jurisdiction over FAMS. Further, to remove

any doubt created by plaintiffs' unsupported statements, the attached declaration definitively establishes that FAMS is now under the jurisdiction of TSA and that TSA's internal investigative office does not use the investigative warning employed by the Office of Professional Responsibility of the Bureau of Immigration and Customs Enforcement ("ICE OPR"). *See* Declaration of Tommy L. Hampton at ¶¶ 3-7. Consequently, plaintiffs' challenge to the investigative warning used by ICE-OPR is moot and should be dismissed.

      Plaintiffs also do not address the first point regarding the government's interest in protecting the integrity of its investigation. Instead, they argue only that it is improper to apply the policy to conversations with "individuals completely unconnected with the investigation." Pls' Resp. at 21. As explained previously, however, the policy does not prevent discussions with those who truly are "completely unconnected" with the investigation. Def. Mem. at 19-20 and note 10. The warning at issue makes clear that the potential disciplinary sanctions are for "interfering with or impeding an official investigation," something that generally could occur only if a subject discussed the investigation with someone who was in some way connected with the investigation. *Id*. (Moreover, contrary to plaintiffs' suggestion, the policy expressly permits conversations with a subject's attorney and obviously did not prevent plaintiffs from filing this lawsuit.) The fact that the policy would not threaten plaintiffs even if they were still under ICE-OPR jurisdiction is an independent reason why the Court lacks jurisdiction over this claim.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in defendants' initial motion, the complaint should be dismissed with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

SUSAN K. RUDY
Assistant Branch Director


*/s/ Samuel C. Kaplan*
SAMUEL C. KAPLAN (D.C. Bar No. 463350)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Rm. 7302
Washington, D.C. 20044
(202) 514-4686 phone
(202) 616-8202 fax
samuel.kaplan@usdoj.gov

Dated:   February 6, 2006          Attorneys for Defendants