IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TERRY M. BABB and FEDERAL AIR MARSHAL ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary, U.S. Dept. of Homeland Security, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-1088 (RCL) |

## DECLARATION OF TOMMY L. HAMPTON

I, TOMMY L. HAMPTON, hereby make the following declaration with respect to the above-captioned matter:

1. I am providing this declaration based on my personal knowledge and on information obtained in the course of my employment.

2. I serve as Director of the Office of Internal Affairs within the Office of Internal Affairs and Program Review ("OIAPR"), Transportation Security Administration ("TSA"). I have been employed by the TSA since July 2002 and have held my current position since July 2005.

3. OIAPR is responsible for ensuring the integrity of the operational and administrative activities of the TSA and responds to reports of incidents involving criminal and administrative employee misconduct, reports of incidents involving TSA's management and program activities, and serious or sensitive incidents that affect the mission of TSA.

4. The Office of Internal Affairs within OIAPR has the primary responsibility for responding to reported incidents. In response to reported incidents this office will conduct an investigation to ensure that the operational mission of TSA is not disrupted and that the integrity and reputation of a TSA employee or group of TSA employees is maintained.

5. The Office of Internal Affairs' jurisdiction includes all TSA employees. This includes employees of the Federal Air Marshal Service ("FAMS"), which transferred from the Bureau of Immigration and Customs Enforcement ("ICE") to TSA in October, 2005.

6. Allegations of criminal and serious misconduct involving ICE and Customs and Border Protection (CBP) employees are handled by ICE's Office of Professional Responsibility ("OPR").

7. I have read the Declaration of Traci A. Lembke and Attachment 3 thereto, titled "Appendix C: Disclosure Warning for Non-Bargaining Unit Employees: WARNING NOT TO DISCLOSE INVESTIGATIVE INFORMATION." The Office of Internal Affairs does not use this form, nor is it our policy or practice to provide such warnings.

. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this __3__ day of February, 2006.

TOMMY L. HAMPTON
Director
Office of Internal Affairs
Transportation Security Administration
United States Department of Homeland Security

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY M. BABB and FEDERAL AIR MARSHAL ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary, Department of Homeland Security, and THOMAS D. QUINN, Director, Federal Air Marshal Service, <br><br> Defendants. | 05-cv-1088 (RCL) |

### DECLARATION OF TRACI A. LEMBKE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

## DECLARATION OF TRACI A. LEMBKE

I, Traci A. Lembke, hereby declare and state as follows:

1. I am the Investigative Support Unit Chief for the Office of Professional Responsibility, U.S. Immigration and Customs Enforcement (ICE), a component of the Department of Homeland Security (DHS). I have held this position since February 2004. This declaration reflects my personal knowledge and information provided to me in my official capacity.

2. OPR operates pursuant to ICE Delegation of Authority 04-008, dated June 18, 2004 (Attachment 1), and ICE Policy No. 08001.1, *Functions of the Office of Professional Responsibility*, dated February 3, 2005 (Attachment 2). These documents were issued by order of the Assistant Secretary for Immigration and Customs Enforcement, as head of ICE.

3. Attachment 3 is a true and correct copy of warnings that were previously provided to the plaintiff by OPR investigators.

I declare under penalty of perjury that the matters set forth in this Declaration are within my official purview and are correct and true to the best of my information, knowledge and belief.

Executed this 5th day of October 2005, in the City of Washington, District of Columbia.

Traci A. Lembke
Chief, Investigative Support Unit
Office of Professional Responsibility
U.S. Immigration & Customs Enforcement

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 2

1

# Attachment 1



| | | |
|---|---|---|
| **ORDER NUMBER:** ICE DO 04-008 | **ISSUE DATE:** June 18, 2004 | **EFFECTIVE DATE:** June 18, 2004 |

**SUBJECT:** Authority to Investigate Allegations of Employee Misconduct

| **DELEGATED BY:** Assistant Secretary U.S. Immigration and Customs Enforcement | **DELEGATED TO:** Director of the Office of Professional Responsibility |
|---|---|
| **SOURCE OF AUTHORITY BEING DELEGATED:** <br> -DHS Delegation Order (DO) 0160, "Delegation to Department of Homeland Security Organizational Elements" <br><br> -DHS DO 7030.1, "Delegation of Authority to the Assistant Secretary for the Bureau of Immigration and Customs Enforcement" | **SUPERSEDED ORDER(S):** |

**DELEGATION**

Pursuant to the authorities delegated to me in the DHS DOs 0160, "Delegation to Department of Homeland Security Organizational Elements," and 7030.1, Delegation of Authority to the Assistant Secretary for the Bureau of Immigration and Customs Enforcement," and as the Chief Executive Officer of the U.S. Immigration and Customs Enforcement, I delegate the authority to investigate allegations of misconduct by employees of the U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection and U.S. Citizenship and Immigration Services to the Director Office of Professional Responsibility.

This authority may not be redelegated.

Assistant Secretary
U.S. Immigration and Customs Enforcement

USE ADDITIONAL PLAIN BOND IF NECESSARY

ICE Form 001A (04/03)

Babb, et al. v. Chertoff, et al., No. 05-1088, Defendants' Motion to Dismiss, Exhibit 2

# Attachment 2

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
ICE Policy System (IPS)

OFFICE OF PRIMARY INTEREST: **OFFICE OF PROFESSIONAL RESPONSIBILITY**

| | |
|---|---|
| DISTRIBUTION: | ICE |
| ICE POLICY NO.: | 08001.1 |
| ISSUE DATE: | 02/03/2005 |
| EFFECTIVE DATE: | 02/03/2005 |
| REVIEW DATE: | 02/03/2008 |
| SUPERSEDES: | None |

**DIRECTIVE TITLE: Functions of the Office of Professional Responsibility**

1. **PURPOSE and SCOPE.** This Directive establishes policy and responsibilities for the Office of Professional Responsibility (OPR). OPR is charged with protecting the overall integrity of U.S. Immigration and Customs Enforcement (ICE). This Directive applies to all components of ICE.

2. **AUTHORITIES.**

2.1 Department of Homeland Security Delegation Order Number 7030.2, issued November 13, 2004.

2.2 ICE Delegation Order Number ICE DO 04-008, issued June 18, 2004.

2.3 ICE and U.S. Customs and Border Protection (CBP) joint reporting memorandum, signed by the Commissioner of CBP and the Assistant Secretary of ICE dated July 2, 2004 and entitled, "Guidance on Reporting Employee Misconduct."

3. **BACKGROUND.** Under the direction of the Assistant Secretary, ICE is charged with enforcing immigration and customs laws, collecting intelligence, protecting specified federal buildings, providing commercial aviation security and performing any such functions as the Secretary of Homeland Security may direct. Critical to this mission is the need for an effective internal program to measure compliance with policies and procedures and investigate allegations of employee misconduct.

4. **POLICY.** OPR is charged with protecting the overall integrity of ICE. OPR is responsible for investigating allegations of employee misconduct impartially, independently and thoroughly. OPR prepares timely and comprehensive reports of investigation for judicial or management action. OPR inspects and reviews ICE offices, operations and processes in order to provide management with an

---

FUNCTIONS OF THE OFFICE OF PROFESSIONAL RESPONSIBILITY

independent review of the agency's organizational health and assesses the overall effectiveness and efficiency of ICE. OPR is responsible for the administration of the Personnel Security program.

5. **RESPONSIBILITIES.**

5.1 The Director of OPR was delegated the authority to conduct investigations of misconduct allegedly committed by employees of ICE, CBP and U.S. Citizenship and Immigration Services.

5.2 OPR will maintain a Management Inspections Division responsible for assessing organizational performance, the efficiency and effectiveness of both office and management operations, and compliance to policies and procedures of programs and offices within ICE on a regular and/or recurring basis.

5.3 OPR will utilize the OPR Case Management System to monitor and track investigations and inspections.

5.4 OPR will manage the ICE Personnel Security program which includes overseeing the background investigation process, adjudicating suitability determinations, and granting appropriate security level clearances.

6. **PROCEDURES.**

6.1 OPR will investigate allegations of criminal and serious criminal misconduct impartially, independently and thoroughly.

6.2 OPR will objectively inspect ICE operations and processes for managerial effectiveness and efficiency.

6.3 All employees must immediately report allegations of substantive misconduct or serious mismanagement to a local OPR field office, to the Joint Intake Center at 1-877-2INTAKE or to the Department of Homeland Security (DHS) Office of Inspector General. Additional guidance on the specific allegations which must be reported is contained in the July 2, 2004, memorandum entitled "Guidance on Reporting Employee Misconduct."

6.4 OPR has full and unobstructed access to all ICE information/records. Managers will ensure OPR is granted full access to all records, files, databases and all related materials needed to conduct investigations, undercover audits and management inspections. OPR will ensure that information is obtained, managed, used and disseminated consistent with the Privacy Act; as well as applicable laws and regulations.

6.5 All employees must cooperate fully with OPR during the course of an OPR investigation or inspection. This requirement does not prohibit an employee, who

AUG-24-2005  14:55        ICE OPR                                                    P.04

3

is the subject in a criminal investigation, from invoking their right against self-incrimination and remaining silent.

7. **ATTACHMENTS.**

7.1 Attachment A. ICE and CBP joint memorandum, signed by the Commissioner of CBP and the Assistant Secretary of ICE dated July 2, 2004, entitled, "Guidance on Reporting Employee Misconduct."

8. **NO PRIVATE RIGHT STATEMENT.** This Directive is an internal policy statement of ICE. It is not intended to, and does not create any rights, privileges, or benefits, substantive or procedural, enforceable by any party against the United States, its departments, agencies, or other entities, its officers or employees, or any other person.

APPROVED  ─────────────────────
          Michael J. Garcia
          Assistant Secretary

FUNCTIONS OF THE OFFICE OF PROFESSIONAL RESPONSIBILITY

# Attachment 3

AUG-23-2005 17:57        PRINCIPAL LEGAL ADVISOR                    202 514 0455    P.03

Appendix C

Disclosure Warning for Non-Bargaining Unit Employees

Form
~~Department of the Treasury~~ Department of Homeland Security/
~~U.S. Customs Service~~ Immigration + Customs Enforcement

WARNING TO NOT DISCLOSE INVESTIGATIVE INFORMATION

by ~~ICE~~/OPR.

You are being interviewed as part of a continuing, official investigation ~~by the U.S. Customs Service Office of Internal Affairs~~. As this investigation is sensitive in nature, you are instructed not to discuss the nature of this interview with any other person(s), except private legal counsel.

Failure to comply with this directive could subject you to disciplinary and/or criminal action for interfering with or impeding an official investigation.

I, _Terry Babb_, have read and understand the above warning.

_____           11/17/04
Signature                        Date

Appendix C                                       Page 157 of 157